(No. 3408—

TERESA GAGEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 10, 1940.*

JOSEPH W. KOUCKY, for claimant.

JOHN E. CASSIDY, Attorney General; MAURICE J. WALSH, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On December 29, 1938, and for several years prior thereto, the claimant, Teresa Gagel, was in the employ of the respondent as an attendant at Chicago State Hospital. On the last mentioned date, while in the discharge of her duties, she slipped and fell and sustained a colles fracture of the right wrist. She was taken to the institution hospital and treated by Dr. Sankstone and Dr. Scheffler of the hospital staff. X-rays were taken, the fracture reduced, and a cast placed. The X-ray showed a typical colles fracture in which the lower end of the radius, the smaller fragment, was displaced somewhat upward and backward; and also showed a small chip fracture of the styloid process of the ulna. Thereafter claimant was given physiotherapy and heat treatments in conjunction with massage. Her arm was kept in a sling for a month, and four weeks after the date of the accident she returned to her usual employment. She received her full pay during the time she was incapacitated as above set forth.

The only medical testimony in the record is the testimony of Dr. Milton Scheffler who at the time of the accident was one of the physicians on the staff of the institution, and Dr. Albert C. Field who testified as an expert. Both doctors are substantially in accord as to their findings.

Upon consideration of the facts in the record we find as follows:

That on December 29, 1938 claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on such date claimant sustained accidental injuries which arose out of and in the course of her employment; that notice of the accident was given to said respondent, and claim for compensation on account thereof was made within the time required by the provisions of such Act; that the earnings of the claimant during the year preceding the accident were $972.00, and her average weekly wage was $18.70; that claimant at the time of the injury was fifty-nine (59) years of age; that all necessary first aid, medical, surgical and hospital services were provided by the respondent; that claimant was temporarily totally disabled from from the date of her injury as aforesaid to January 27, 1939, to wit, for a period of four (4) weeks; that she also suffered the permanent loss of fifty per cent (50%) of the use of the right hand.

We further find that claimant is entitled to have and receive from the respondent the sum of Nine Dollars and Thirty-five Cents ($9.35) per week for three (3) weeks for temporary total disability, in accordance with the provisions of Paragraph (b) of Section eight (8) of the Compensation Act, and the further sum of Nine Dollars and Thirty-five Cents ($9.35) per week for a period of eighty-five (85) weeks for the permanent loss of fifty per cent (50%) of the use of the right hand, in accordance with the provisions of Paragraph E-12 of Section Eight (8) of such Act.

We further find that the claimant has been paid the sum of Seventy-five Dollars and Sixty Cents ($75.60) for non-productive time which must be considered as payment of compensation and deducted from the amount which she is entitled to have and receive as above set forth.

We further find that all of the compensation due to claimant as aforesaid has accrued at this time.

Award is therefore entered in favor of the claimant, Teresa Gagel, for the sum of Seven Hundred Forty-seven Dollars and Twenty Cents ($747.20).

This award, being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181),

and being subject also to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Fund in the manner provided by the foregoing Acts.